Rita JOHNSON, Richard Johnson, Billy W. Therrell, Sr., Martha G. Therrell, Don C. Spurgeon, Claire Spurgeon, Donald C. Finn, Peggy J. Finn, Joseph Brown, Annie M. Brown, Charlie Sykes, Helen Sykes, Mary Brothers, Ollie Mae Baggett and Crawford Mims, Florence Sherard, Melvin Redmond, S. K. Love and Kenneth Halford, Individually and as Members of the Board of Trustees of the Vicksburg Municipal Separate School District, W. D. Fairley, Individually, and as Superintendent of the Vicksburg Municipal Separate School District, on behalf of the Citizens and patrons of the Vicksburg Municipal Separate School District, and all others similarly situated, Plaintiffs,

v.

The STATE OF MISSISSIPPI, A. F. Summer, Attorney General of the State of Mississippi, and a Member of the State Board of Education, Heber Ladner, Sr., Secretary of State of the State of Mississippi, and a member of the State Board of Education, Dr. Charles Holladay, Superintendent of Education for the State of Mississippi, and a Member of the State Board of Education, Defendants.

No. GC 77–12–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

August 25, 1977.

Eugene M. Bogen, Wynn & Bogen, Greenville, Miss., George W. Rogers, Jr., Teller, Biedenharn & Rogers, Vicksburg, Miss., for plaintiffs.

Hubbard T. Saunders, IV, Sp. Asst. Atty. Gen., Jackson, Miss., for State of Miss., A. F. Summer, Heber Ladner and Dr. Charles Holladay.

Owen T. Palmer, Jr., Palmer, Stewart & Gaines, Gulfport, Miss., for Trustees of Gulfport Municipal Sep. School Dist.

Don W. King, Ross & King, Biloxi, Miss., for Trustees of Biloxi Municipal Sep. School Dist.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Three motions are pending in this case. Plaintiffs have moved for class action certification. Defendants have moved to dismiss for lack of venue and for a protective order.

A. *The Class Action.*

There are two classes of the named plaintiffs. Class I consists of a group of parents of students attending the public schools of the Greenville Municipal Separate School District. There are fourteen individuals in this group. Class II consists of members of the Board of Trustees of the Vicksburg Municipal Separate School District. The members of this group are five in number.

Washington County, in which the City of Greenville and the Greenville Municipal Separate School District are located, is a part of the territorial area of the judicial district for the United States Court, Northern District of Mississippi. Warren County, in which the City of Vicksburg and the Vicksburg Municipal Separate School are located, is situated in the Southern District of Mississippi, 28 U.S.C. § 104.

The plaintiffs have moved for determination by the court pursuant to Fed.R.Civ.P. 23(c)(1), that a class action may be maintained for the benefit of the following classes, to-wit:

1. Students and the parents of students who reside within the corporate limits of municipalities in the State of Mississippi, and who are enrolled and assigned to a public school located a distance of more than one mile, by the nearest traveled road, from their residence.

2. All students and parents of students who reside within the corporate limits of the City of Vicksburg, Mississippi, and who are enrolled and assigned to a public school which is located more than one mile, by the nearest traveled road, from their residence.

3. All taxpayers residing within the Vicksburg Municipal Separate School District.

The action sub judice questions the constitutionality of Miss.Code Ann. § 37–41–3 (Cum.Supp.1976) and seeks to enjoin its enforcement by state officials, the named defendants herein. The questioned statute provides in pertinent part:

Only those pupils of legal school age and in actual attendance in the public schools who live a distance of one (1) mile or more by the nearest traveled road from the school to which they are assigned, shall be entitled to transportation within the meaning of this chapter. *Pupils who live within the corporate limits of a municipality and who are assigned to a school within said corporate limits shall not be considered as eligible for transportation within the meaning of this chapter except those pupils who are otherwise eligible for transportation under the provisions of section 37–41–11.* (Emphasis supplied).

Plaintiffs contend that the statute is unconstitutional on its face, and, as applied, a violation of the Equal Protection of the laws guaranteed plaintiffs and all others similarly situated by the Fourteenth Amendment to the Constitution of the United States.

Plaintiffs seek declaratory and injunctive relief, allowance of attorney fees and recovery of costs incident to the action.

■ It is clear from the record that the action sub judice is one which contains all the prerequisites of a class action as defined by Fed.R.Civ.P. 23, i. e., numerosity, commonality, typicality and adequacy of representation.

Defendants argue, however, that the classes should not be certified because the relief, if granted, will automatically inure to the benefit of all members of the proposed classes without the need of certification. Plaintiffs do not seek monetary relief only attorney fees and costs of suit. Plaintiffs reply with the argument that when all prerequisites of a class action are shown to exist the court should not deny certification.

■ As indicated above, the record reflects all factors usually required in a Rule 23 action. Under such circumstances the court should not deny class action representation, even though the relief which may be afforded plaintiffs, will inure to the benefit of all class members.

The Seventh Circuit held in *Fujishima v. Board of Education,* 460 F.2d 1355, 1360

(1972) "[i]f the prerequisites and conditions of Fed.R.Civ.P. 23 are met, a court may not deny class status because there is no 'need' for it." The court adheres to this view.

The court does not find *Bailey v. Patterson*, 323 F.2d 201 (5th Cir. 1963) dispositive of the question here presented. While expressing the view that "[t]he very nature of the rights appellants seek to vindicate requires that the decree run to the benefit not only of appellants but also for all persons similarly situated", the court said "[w]e find it unnecessary to determine, however, whether this action was properly brought under Rule 23(a), for whether or not appellants may properly represent all Negroes similarly situated, the decree to which they are entitled is the same." 323 F.2d 206.

The court holds that the action should be certified as a class 23(b)(2) action, with the court reserving the right to amend or otherwise redetermine the scope of the class should the facts hereafter to be developed require such action.

### B. *The Venue Question.*

Plaintiffs seek injunctive and declaratory relief against the State Board of Education [1] on account of the alleged invasion of rights secured to them by the Fourteenth Amendment to the Constitution of the United States. They invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1343(3), 2201 and 2202. Plaintiff asserts that the action is one authorized by law under 42 U.S.C. § 1983.

■ Defendants have filed a motion to dismiss for lack of proper venue, or in the alternative to transfer the action to the Jackson Division of the United States Court for the Southern District of Mississippi. The pertinent statutes invoked are 28 U.S.C. §§ 1391(b) and 1406(a).

Section 1391(b) provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Thus the venue is proper in either the judicial district (1) where all defendants reside, or (2) in which the claim arose.

The parties agree that the action could have been brought in the Southern District of Mississippi since all defendants reside there.

Defendants argue that the claim arose in the Southern District for which reason the action should be dismissed for lack of venue or transferred pursuant to 28 U.S.C. § 1406(a) which provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

■ Defendants buttress their argument with these assertions. The Mississippi Legislature passed the statute in question at Jackson in the Southern District of Mississippi, the seat of government for the state. The statute is enforced by the State Board of Education and other appropriate state agencies performing any service in respect to the statute are situated at Jackson. Thus, defendants conclude the claim arose in Jackson, for if plaintiffs have suffered an infringement of constitutional rights such infringement has resulted from the passage and enforcement of the statute.

Without regard to the fact that the Vicksburg plaintiffs reside in the Southern District, plaintiffs contend that the Greenville plaintiffs have been denied the equal protection of the laws in the Northern District of Mississippi and that such denial gives rise to a claim against defendants for the protection of those rights.

The court is of the opinion that the claim arose within the contemplation of the Sec-

---

1. The individuals named as defendants are (1) A. F. Summer, Attorney General of the State of Mississippi; (2) Heber Ladner, Sr., Secretary of State of Mississippi, and (3) Dr. Charles Holla-

day, Superintendent of Education for the State of Mississippi. They constitute the Board of Education for the State of Mississippi.

tion 1391(a) in both districts. The cause originated in the Southern District, but the injury has been inflicted in the Northern District. Under the statute the venue is properly laid in either district.

Since the court has determined that the Northern District is a proper district for venue purposes, Section 1406(a) is not applicable.

■ Defendants urge, should the court determine that venue is properly laid in the Northern District and that Section 1406(a) does not apply, that the court should transfer the action, in the interest of justice, for the convenience of the parties and witnesses to the Southern District, pursuant to 28 U.S.C. § 1404(a) which reads as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The action sub judice is one of state-wide implication. The parties will probably rely to a great extent on statistical evidence. The court has concluded that the circumstances do not require the transfer of the case to a district other than the one selected by plaintiffs.

The motion is not well taken and will be overruled.

### C. *Motion For a Protective Order.*

This motion is moot in view of the court's holdings on the motions for class certification and to dismiss or in the alternative to transfer to the Southern District.

Appropriate orders are being entered by the court.